THERESA BUNT, as Administratrix, etc., of WILLIAM HENRY BUNT, Deceased, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— The action is one to recover damages for death caused by wrongful act, neglect or default, when plaintiff's intestate, a passenger, was thrown from a train of defendant as it was passing around a curve. Judgment, entered on a verdict for defendant, affirmed, with costs. Hagarty and Adel, JJ., concur; Lazansky, P. J., concurs on the following grounds: In the prior action this court, Mr. Justice Young and I dissenting, affirmed a dismissal of the complaint on the ground there was no actionable negligence. (216 App. Div. 821.) The judgment was affirmed by the Court of Appeals. (244 N. Y. 594.) The facts in this case are substantially the same as in the other. I, therefore, vote to affirm. Davis, J. (dissenting): The action to recover damages for death by wrongful act, neglect or default was originally commenced about 1925. The plaintiff's intestate was a passenger on one of defendant's trains. As the plaintiff was standing near the door of the car, the train ran into a curve. Its speed was checked suddenly and the plaintiff was thrown out of the door upon the rocks and was killed. The vestibule door and the movable platform or trap door had been left open after the train had passed a station before reaching this point. At a trial in June, 1925, a motion for a nonsuit was granted on the ground that the plaintiff was standing or riding on the platform in violation of section 83 of the Railroad Law, then in effect, and the notice of the company posted in the car. The judgment entered thereon was affirmed. (216 App. Div. 821; affd., 244 N. Y. 594.) A new action was brought in 1926. There was great delay in bringing the action to trial, so a new attorney was substituted. The trial in October, 1937, resulted in a verdict for defendant. There was never any evidence that the decedent stood or rode on the platform at any time, nor that he had either foot on the platform. One witness testified that at the time the train struck the curve, decedent was stepping out with his right foot or in the act of stepping out, but his body was still in the car. The court charged that if decedent was on the platform or *was about to go upon the platform*, the plaintiff could not recover. This, I think, was error, for the statute exonerating defendant from liability did not cover the act of a passenger who either stepped on the platform or attempted to step upon it. Twice the jury returned to court to have the testimony read of the witness who said decedent

was in the act of stepping out. This indicated that they attached importance to the charge in that respect. This is a meritorious case and the plaintiff should have a fair day in court to present the question of liability to a jury. The fact that an early decision, apparently erroneous, has once brought about her defeat, and that delay has occurred through no fault of her own, should not prevent her from receiving justice at this time. I favor reversal and a new trial. Taylor, J., concurs with Davis, J.